UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHANE WILLIAMS, | ) |
|         Plaintiff, | ) |
| v. | )   23-3221 |
| BRIAN CURRAN, *et al.* | ) |
|         Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Adams County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he bit into, "semi-swallow[ed]," and regurgitated a screw while eating a meal served to him at the Adams County Jail. Plaintiff alleges that a nurse thereafter took pictures of his throat and placed him in an observation room for 20 hours. Plaintiff alleges that he did not receive an x-ray, that he could not use a phone to call an attorney during business

hours, and that his requests for "some sort of counselor" were ignored. Plaintiff alleges that he suffered a gash in his gums and that he is now afraid to eat a lot of food for fear what could be in it.

Plaintiff has a Fourteenth Amendment right to humane conditions of confinement. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). This includes a right to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Complaints of cold, poorly prepared, or even food that occasionally contains foreign objects do not rise to the level of constitutional deprivation. *See Drake v. Velasco*, 207 F.Supp.2d 809, 812 (N.D. Ill. 2002).

Plaintiff does not allege facts regarding how the named defendants were personally responsible for the screw in his food or permitting a plausible inference that they knew about it. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff is also not entitled to demand specific medical treatment, and his allegations do not permit a plausible inference that the nurse's actions were objectively unreasonable. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[A]n inmate is not entitled to demand specific [medical] care."); *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018).

Plaintiff also has not alleged a policy that caused the alleged constitutional deprivation, and, therefore, he cannot proceed against Defendants City of Quincy, Illinois, Adams County Illinois, and Adams County Sheriff's Department. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). The State of Illinois must be dismissed as it is not a person

amenable to suit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State[,] nor its officials acting in their official capacities are "persons" under §1983."). The Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff filed a Motion to Request Counsel [4]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statements that he sent letters is not sufficient to satisfy the first prong. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion [4] is DENIED with leave to renew.**

Entered this 26th day of September, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
